FILED

2017 FEB 23 PM 3:01

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 2:17-cr-15-FtM-99MRM
18 U.S.C. § 371

CASEY PADULA

## INFORMATION

The United States Attorney charges:

### COUNT ONE
### (Conspiracy to Defraud and to Commit Bank Fraud)

At all times material to this Information:

1. Between 2012 and 2014, CASEY PADULA ("PADULA") was a resident of Charlotte County, Florida. He was the sole shareholder of a marketing and information technology business named Demandblox, Inc. ("Demandblox"). Demandblox reported its income and expenses to the Internal Revenue Service ("IRS") on an U.S. Income Tax Returns for an S Corporation (Form 1120S).

2. PADULA created two offshore companies in Belize: Intellectual Property Partners, Inc. ("IPPI") and Latin American Labor Outsourcing, Inc. ("LALO"). He opened and controlled bank accounts in the names of these two entities at Heritage International Bank & Trust Limited ("Heritage Bank"), a financial institution located in Belize.

3. Beginning at least on or about January 1, 2012 and continuing to August 21, 2014, within the Middle District of Florida, and elsewhere, CASEY

PADULA, and others knowns and unknown, did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate and agree together and with others to:

a. Defraud the United States for the purpose of impeding, impairing, and defeating the lawful government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of the revenue, namely federal income taxes; and

b. Commit an offense against the United States; that is, to violate Title 18, United States Code, Section 1344(1).

## THE MANNER AND MEANS OF THE CONSPIRACY

4. It was a part and an object of the conspiracy to defraud that PADULA created or caused to be created and used and caused to be used nominee entities in Belize, the Cayman Islands, and elsewhere to conceal assets and income from the IRS;

5. It was a part and an object of the conspiracy to defraud that PADULA opened and maintained undeclared accounts at foreign banks in the name of the nominee entities to conceal assets and income from the IRS;

6. It was a part and an object of the conspiracy to defraud that PADULA moved funds from his business, Demandblox, to offshore financial accounts disguised as legitimate business expenses;

7. It was a part and an object of the conspiracy to defraud that PADULA provided false information to his accountant for preparation of Demandblox's

corporation income tax returns and his individual income tax returns;

8. It was a part and an object of the conspiracy to defraud that PADULA filed with the IRS false and fraudulent corporation income tax returns and individual income tax returns that falsely deducted these payments as legitimate business expenses and concealed his ownership and control of the nominee entities and income from the IRS;

9. It was a part and an object of the conspiracy to commit bank fraud that PADULA entered into a fraudulent "short sale" transaction related to his residence in Port Charlotte, Florida with a nominee purchaser in order to reduce or eliminate his mortgage debt; and,

10. It was a part and an object of the conspiracy to commit bank fraud that PADULA used funds from the offshore financial accounts in Belize that he controlled to finance the fraudulent "short sale" transaction related to his residence in Port Charlotte, Florida.

**OVERT ACTS**

11. In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts were committed in the Middle District of Florida, and elsewhere, including the following:

a. In or about January 2012, PADULA opened a bank account at Heritage Bank in the name of IPPI with a wire transfer of $599,990 from the Demandblox bank account at Bank of America;

b. On or about February 15, 2012, Padula sent a letter to Bank of

America, the financial institution that held the mortgage on his residence in Port Charlotte, Florida, in which he falsely claimed to have financial hardship and that his "ability to repay this loan is non-existent";

c. On or about May 2, 2012, PADULA signed a "Short Sale Purchase Contract Addendum" as the seller, in which he falsely acknowledged that the property must be sold through an "arms-length" transaction";

d. On or about May 3, 2012, PADULA caused $375,120 to be sent from the IPPI bank account at Heritage Bank to R.R.'s bank account;

e. On or about November 13, 2012, PADULA caused $250,065 to be sent from the IPPI bank account at Heritage Bank to R.R.'s bank account;

f. On November 15, 2012, PADULA signed a false Form HUD-1, Settlement Statement, as the Seller;

g. On November 15, 2012, PADULA caused R.R. to provide $693,212.70 to the settlement agent;

h. On or about December 24, 2012, PADULA caused R.R. to convey the property in Port Charlotte, Florida, back to PADULA by signing a warranty deed that transferred ownership of the property in Port Charlotte, Florida, to LALO for $1;

i. In or about March 2013, PADULA opened a bank account at Heritage Bank in the name of LALO with a wire transfer of $11,965 from the Demandblox bank account at Bank of America;

j. Between January 2012 and December 2014, PADULA caused a total of $2,490,688 to be sent from Demandblox to the IPPI and LALO bank accounts at Heritage Bank;

k. Between January 2012 and December 2014, transfers from Demandblox to the LALO and IPPI bank accounts were falsely recorded in Demandblox's corporate books as intellectual property rights or royalty fees and then falsely deducted as legitimate business expenses on Demandblox's 2012 and 2013 Forms 1120S;

l. On or about August 13, 2013, PADULA willfully filed with the IRS a false 2012 Form 1120S for Demandblox that falsely deducted a total of $1,206,562 as intellectual property rights or royalty fee expenses;

m. On or about August 28, 2013, PADULA willfully filed with the IRS a false Form 1040 for 2013 that reported income from Demandblox of approximately -$1,074, when it should have reported $804,686;

n. On or about December 27, 2013, PADULA caused $1,000,080 to be sent from the IPPI bank account in Belize to a numbered account managed by Joshua VanDyk and Eric St-Cyr with Clover Asset Management;

o. On or about January 22, 2014, PADULA purchased a condominium in Miami, Florida, for $520,000 using funds from the LALO and IPPI bank accounts and titled the condominium in the name of LALO;

p. On or about August 8, 2014, PADULA willfully filed with the IRS a false 2013 Form 1120S for Demandblox that falsely deducted $805,760 as intellectual property rights or royalty fee expenses; and,

q. On or about August 21, 2014, PADULA willfully filed with the IRS a false U.S. Individual Income Tax Return (Form 1040) for 2012 that reported income from Demandblox of approximately $174,994, when it should have reported $1,381,556.

All in violation of 18 U.S.C. § 371.

DATED this 23rd day of FEBRUARY 2017.

A. LEE BENTLEY, III
United States Attorney

Jesus M. Casas

JESUS M. CASAS
Assistant United States Attorney
Chief, Fort Myers Division

DAVID A. HUBBERT
Acting Assistant Attorney General
Tax Division

Caryn D. Finley

CARYN D. FINLEY
TODD A. ELLINWOOD
Assistant Chiefs
Department of Justice, Tax Division